EASTERN CONSOLIDATORS, INC. *v.* W. L. McAVINEY
PROPERTIES, INC.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued June 5—decided June 16, 1970

*W. Paul Flynn,* for the appellant (plaintiff).

*Robert K. Walsh,* with whom, on the brief, was
*Walter W. Walsh,* for the appellee (defendant).

HOUSE, J.  This action was brought by the plaintiff to obtain specific performance of a contract in which the defendant agreed to sell and convey certain premises to the plaintiff for an agreed price. The plaintiff expressly alleged that on the date of the contract, and ever since, it had been ready, able and willing to perform the agreement and had offered to do so.  In its answer, the defendant denied these specific allegations.  This denial put these

allegations in issue, with the burden on the plaintiff to prove them. *Silva* v. *Hartford,* 141 Conn. 126, 128, 104 A.2d 210.

The court rendered judgment for the defendant. In its finding, which the plaintiff has not attacked, the court expressly found that there was no evidence that on the day of the contract or on any day thereafter the plaintiff was ready and able or even offered to perform its contractual promises, particularly to pay the purchase price.

The unattacked finding further discloses that at the conclusion of the plaintiff's evidence the court specifically called to the attention of the plaintiff's counsel the allegation of the plaintiff that it was and had been ready, able and willing to perform its part of the agreement and asked, "Now, have you offered all the proof on that issue that you intend to offer?" The reply was, "I have, sir."

The finding further discloses that the plaintiff made no claims of law respecting the judgment to be rendered and filed no brief, although the court fixed a time for the filing of briefs, which time was twice extended. The appendix to the brief of the plaintiff filed in this court contains no evidence that the plaintiff was ready, able and willing to perform the obligations it undertook under the provisions of the contract. See Practice Book § 721.

On these facts, and in the absence of any evidence to support the plaintiff's allegations of readiness, willingness and ability to perform its promises as contained in the agreement, the court concluded, on the authority of *Phillips* v. *Sturm,* 91 Conn. 331, 335, 99 A. 689, that the plaintiff was not entitled to judgment. This was a correct conclusion. See *Godburn* v. *Meserve,* 130 Conn. 723, 726, 37 A.2d 235; *Lunde* v. *Minch,* 105 Conn. 657, 659, 136 A. 552;

*Stierle* v. *Rayner,* 92 Conn. 180, 183, 102 A. 581; *Smith* v. *Lewis,* 24 Conn. 624, 636.

On this appeal, the plaintiff in its brief states the sole issue to be: "Did the court err in rendering judgment for the defendant on the theory that the plaintiff did not show it was ready, willing and able to perform a condition of the agreement (the payment of $3500 at the time of transfer) when the evidence showed that such an act would have been futile, in view of the defendant's refusal to perform his part of the contract, announced to the plaintiff in advance?" It suffices to note that the plaintiff made no such claim of law to the trial court. See Practice Book § 223; *Bigionti* v. *Argraves,* 152 Conn. 700, 701, 204 A.2d 408. Furthermore, there is nothing in the unattacked finding to support a claim that a tender of performance would be a futile act, nor anything in the appendix to the plaintiff's brief which would disclose that there was any evidence offered to support such a claim.

The plaintiff's appeal is wholly without merit.

There is no error.

In this opinion the other judges concurred.