DOROTHY O. RAFFILE ET AL. *v.* STAMFORD HOUSEWRECKING, INC., ET AL.

HOUSE, C. J., COTTER, LOISELLE, MACDONALD and LONGO, Js.

Argued February 5—decision released April 8, 1975

*Charles L. Flynn,* for the appellants (plaintiffs).

*Peter C. Dorsey,* for the appellees (defendants).

COTTER, J.  The plaintiffs brought suit for damages claimed to have been sustained as a result of injuries arising from a multiple motor vehicle accident allegedly caused by the negligence of the named defendant's employee, the defendant Samuel H. McNeil, operator of a tractor-trailer owned by Stamford Housewrecking, Inc.  The jury, after a trial, returned a verdict for the defendants; the plaintiffs have appealed from the judgment.

The accident in question occurred on interstate route 91 in New Haven and involved a collision between the rear of the plaintiffs' car and the front of the defendants' tractor-trailer.  During the trial a state trooper who investigated the accident identified exhibits "E" and "F" as photographs of the scene of the collision.  These photographs showed a speed limit sign at a point beyond the place where

the accident occurred. Counsel agreed at the time the photographs were admitted in evidence that they were "offered merely to show the physical layout at the time of the accident"; the court thereon admitted the exhibits for the limited purpose of showing "just the physical layout of the road itself at the time of the accident." The plaintiffs, however, assign error in the court's refusal to allow the plaintiffs' counsel to allude, in his closing argument, to a lowered speed limit located at the south end of the bridge abutment. The argument to the jury was not transcribed. Consequently, we have no way of knowing the content of the plaintiffs' argument to the jury on this question. The court's ruling that the plaintiffs' counsel could not refer to the sign in argument since the sign shown in exhibits "E" and "F" was not in evidence to establish the speed limit was properly limited and is supported by the finding even as corrected. See *Dunn* v. *Finley,* 151 Conn. 618, 621, 201 A.2d 190, cert. denied, 379 U.S. 939, 85 S. Ct. 344, 13 L. Ed. 2d 349; *Honeycutt* v. *Cherokee Brick Co.,* 196 N.C. 556, 557, 146 S.E. 227; *Foster* v. *Bilbruck,* 20 Ill. App. 2d 173, 183, 155 N.E.2d 366. Furthermore, we need not make those other changes in or additions to the finding on this question which the plaintiffs have requested since to do so would not affect the result. *Hyatt* v. *Zoning Board of Appeals,* 163 Conn. 379, 381, 311 A.2d 77.

The plaintiffs also assign error in the denial of their motion to set aside the verdict on the ground that in ruling out references to the speed limit sign the court effectively but improperly precluded the jury from making inferences that could validly be drawn from the photographs, and from considering any evidence of a lowered speed limit near the accident locus. The finding as supported by the evi-

dence printed in the appendices to the briefs, however, establishes that at trial the court allowed the plaintiffs to offer other evidence to prove reduction in the speed limit, and that the basis of its ruling which restricted the jury's consideration of the sign shown in the photographic exhibits was the fact that those exhibits expressly had not been offered to prove a reduction in the speed limit at the time of the accident. Under these circumstances we cannot say the court abused its wide discretion in denying the motion to set aside the verdict. Practice Book § 609; *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 702, 220 A.2d 449; see, generally, *Dunn* v. *Finley,* supra.

The witness Norma King, a passenger in the car operated by the plaintiff Dorothy O. Raffile, denied ever making statements suggesting impropriety in the plaintiff's operation of her car as to its speed, loss of control, failure to reduce speed, failure to grant the right of way to the defendant McNeil, and failure to avoid the collision. Earlier, Mrs. King had brought an action for damages for personal injuries arising out of this accident against Mrs. Raffile. Over the plaintiffs' objection, the defendants offered in evidence, as prior inconsistent statements, portions of a paragraph in the complaint filed on behalf of Mrs. King in that other action, which contained allegations of negligence on the part of Mrs. Raffile concerning the accident in question. The plaintiffs have assigned error in the court's overruling of the objection. The court acted well within its discretion in allowing the defendants to use the witness' prior admissions in pleadings involving a different but related action to impeach her credibility. *Thomas* v. *Ganezer,* 137 Conn. 415, 421, 78 A.2d 539; *Cackowski* v. *Jack A.*

*Halprin, Inc.,* 133 Conn. 631, 639, 53 A.2d 649; 58 Am. Jur., Witnesses, § 772; 98 C.J.S., Witnesses, § 593 (b). Similarly, the court properly exercised its discretion in allowing the defendants to ask the foundation questions posed during the cross-examination of this witness for the purpose of demonstrating the inconsistencies in her statements. *Adams* v. *Herald Publishing Co.,* 82 Conn. 448, 452, 74 A. 755; 58 Am. Jur., Witnesses, § 781; 98 C.J.S., Witnesses, § 597. The plaintiffs have not shown that the findings of the court on the question are not supported by the evidence. Thus, these findings must stand. *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 491, 496, 234 A.2d 825.

The plaintiffs' other assignments of error have either been abandoned or involve wholesale attacks upon the finding, a practice we have consistently discouraged. *McLaughlin* v. *Chicken Delight, Inc.,* 164 Conn. 317, 319, 321 A.2d 456; *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 268, 287 A.2d 374. Finally, the plaintiffs did not assign error below in those rulings of the court on the voir dire inquiry complained of in the plaintiffs' brief. This court is not bound to consider any claimed errors on appeal which have not been specifically assigned. Practice Book § 652; *American Brass Co.* v. *Ansonia Brass Workers' Union,* 140 Conn. 457, 463, 101 A.2d 291. Thus we need not consider the alleged improprieties in the court's voir dire rulings. The finding, in any event, adequately supports the court's rulings on this issue and the inappropriateness of the plaintiffs' claims. See *Lowell* v. *Daly,* 148 Conn. 266, 268, 169 A.2d 888; *Duffy* v. *Carroll,* 137 Conn. 51, 55–58, 75 A.2d 33.

There is no error.

In this opinion the other judges concurred.