RONALD F. SULLIVAN *v.* JEANNE BONAFONTE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 5—decision released April 12, 1977

*Michael D. O'Connell,* for the appellant (plaintiff).

*Louis RisCassi,* with whom, on the brief, was *Daniel E. Lynch,* for the appellee (defendant).

LOISELLE, J. The plaintiff, the natural father of an illegitimate child, brought an application for a writ of habeas corpus to determine his rights of visitation with respect to his son. The trial court dismissed the petition.

The plaintiff attacks the finding made by the trial court. Assuming, arguendo, that all the corrections in the subordinate facts which are sought should be made, the final conclusion of the court must stand because it is supported by the finding. The final conclusion of the court was that it would not be in the best interests of the child to grant visitation to the father.

The baby was born in August, 1973, and has lived with the defendant mother and her parents continuously except for a short time immediately after birth. Prior to the birth, the plaintiff father refused to marry the defendant and urged her to have an abortion. Some time after the baby was born the plaintiff offered a trial marriage, but the defendant declined. The plaintiff voluntarily contributed to the medical expense of the birth, sent money for the child's support and gifts at Christmas. He visited the child occasionally between the ages of three and six months, until the defendant refused to permit any more visitation. He lives in New Hampshire, is employed, owns property and introduced evidence of his good character and affection for children.

The court concluded that no meaningful relationship had developed between the father and his son, and that he had played no meaningful role in the raising of the child. The father argues that the mother has prevented him from developing such a relationship or playing such a role. The question of "fault" in this respect is irrelevant, however, since in an action concerning the custody or visitation of a minor child, the paramount consideration is the best interests of the child. *Simons* v. *Simons*, 172 Conn. 341, 374 A.2d 1040; *Tippin* v. *Tippin*, 148 Conn. 1, 4, 166 A.2d 448; *Murphy* v. *Murphy*, 143 Conn. 600, 603, 124 A.2d 891.

In *Stanley* v. *Illinois*, 405 U.S. 645, 92 S. Ct. 1208, 31 L. Ed. 2d 551, it was held that both the due process clause and the equal protection clause of the fourteenth amendment entitle the father of an illegitimate child to the same hearing as a legal father to determine his fitness before being deprived

of custody of his child. On the other hand, the mother of an illegitimate child is the sole guardian of the person of the child. General Statutes § 45-43. The mother had been the custodian of this child since birth. There is no indication that the plaintiff introduced a shred of evidence that the child needed to have an opportunity to develop a relationship with his natural father or that visitation would have a positive effect on the child. The legal rights of no one, even a parent, may militate against the court's determination of the best interests of the child. *Doe* v. *Doe,* 163 Conn. 340, 343, 307 A.2d 166; *Howarth* v. *Northcott,* 152 Conn. 460, 464, 208 A.2d 540; *Kelsey* v. *Green,* 69 Conn. 291, 298, 37 A. 679.

The plaintiff relies heavily on the case of *Appeal of Gwiszcz (Commonwealth* v. *Rozanski),* 206 Pa. Super. 397, 213 A.2d 155. In that case the trial court, after hearing all the evidence, granted the putative father visitation rights. On appeal, the court upheld the conclusions of the trial court based on the facts found. The court stated that "[w]e recognize that granting visitation privileges to the putative father may not always serve the child's best interests. Visitation rights, however, are always a matter for the supervision of the courts. . . . [E]very case must be decided on the basis of its own particular facts. The unique problems of each child must receive individual attention and consideration. Any attempt by us to determine the best interests of every child by a single rule would be judicially, socially and morally unsound." Id., 402, see also annotation, 15 A.L.R.3d 887.

The trial court has broad discretion in deciding questions regarding custody or visitation. *Simons* v. *Simons,* supra, 348; *Pfeiffer* v. *Pfeiffer,* 99 Conn.

154, 157, 121 A. 174. In this case, the friction which would be engendered by court-ordered visitation was not offset by any prospective benefit to the child, nor was the child threatened by the termination of an important existing relationship. It cannot be said that the court abused its discretion in determining that visitation was not in the best interests of the child. Nowhere in the finding, conclusions or memorandum of decision does it appear that the court based its decision on the fact of illegitimacy as suggested by the plaintiff's brief.

There is no error.

In this opinion the other judges concurred.