BARBARA SPICER *v.* WILLIAM SPICER III

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued April 12—decision released May 31, 1977

*Robert P. Klomp,* with whom, on the brief, were *Griswold Morgan* and *David L. Hemond,* for the appellant (plaintiff).

*Aaron E. Elfenbein,* for the appellee (defendant).

PER CURIAM. The plaintiff wife brought this action to Superior Court in New London County claiming a dissolution of marriage, custody of four

minor children, child support, alimony, alimony pendente lite, and an order for an allowance to prosecute. The action was referred to Honorable Thomas E. Troland, a state referee who, exercising the powers of the Superior Court pursuant to General Statutes § 52-434a, rendered judgment dissolving the marriage and awarding custody of the parties' three natural children to the defendant husband and custody of the parties' adopted child to the plaintiff mother. The plaintiff has appealed to this court from the decision of the state referee, claiming error in the custody award of the natural children to their father.

Section 46-42 of the General Statutes provides that in any controversy before the Superior Court as to the custody and care of minor children, including a proceeding for dissolution of marriage pursuant to § 46-36, the court "may assign the custody of any of such children to either parent, or to a third party, according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable. In making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child . . . ." See *Simons* v. *Simons,* 172 Conn. 341, 374 A.2d 1040; *Krasnow* v. *Krasnow,* 140 Conn. 254, 260, 99 A.2d 104. "It is settled that the determination of the custody of a minor child rests largely in the discretion of the trial court, and its decision cannot be overridden unless it abused its discretion. *Pfeiffer* v. *Pfeiffer,* 99 Conn. 154, 157, 121 A. 174; *Morrill* v. *Morrill,* . . . [83 Conn. 479, 491, 77 A. 1.]." *Simons* v. *Simons,* supra, 348.

In the present case, the court made thirty-one findings of fact and reached the final conclusion that

the best interests and welfare of the three natural children would be served by their being in the father's custody, with reasonable right of visitation in the plaintiff mother. This conclusion must stand unless it violates law, logic or reason or is inconsistent with the subordinate facts in the finding. See *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523, 375 A.2d 1009; *Roby* v. *Connecticut General Life Ins. Co.,* 166 Conn. 395, 397, 349 A.2d 838; *Klein* v. *Chatfield,* 166 Conn. 76, 80, 347 A.2d 58. A court's conclusions are to be tested by the finding and not by the evidence. *New Haven* v. *United Illuminating Co.,* 168 Conn. 478, 483, 362 A.2d 785; *State ex rel. Golembeske* v. *White,* 168 Conn. 278, 280, 362 A.2d 1354.

The court found that the children contracted scabies while living with their mother and that this contagious skin disease is transferred by "bed linens, soiled linens and from dirty housekeeping." The plaintiff argues that the court reached its conclusion that the natural children should be in their father's custody by drawing an improper inference, without evidence, that the contraction of the skin disease by the children was the result of improper, unclean, or inadequate care by their mother. The plaintiff's other assignments of error were not briefed and are deemed abandoned. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 579 n.2, 376 A.2d 60; *Hall* v. *Weston,* 167 Conn. 49, 51, 355 A.2d 79. The court's unattacked findings must therefore be accepted. *Raffile* v. *Stamford Housewrecking, Inc.,* 168 Conn. 299, 303, 362 A.2d 879; *Mercanti* v. *Persson,* 160 Conn. 468, 477, 280 A.2d 137; *Eastern Consolidators, Inc.* v. *W. L. McAviney Properties, Inc.,* 159 Conn. 510, 511, 271 A.2d 59. Even were this

court to strike the findings pertaining to the children's contraction of scabies, the remaining unattacked findings, particularly those concerning the plaintiff's poor emotional stability, her inadequate care of the children, and the defendant's good character as a father, amply support the court's conclusion that the children's best interests at the time were to be in their father's custody. "Assuming, arguendo, that all the corrections in the subordinate facts which are sought should be made, the final conclusion of the court must stand because it is supported by the finding." *Sullivan* v. *Bonafonte,* 172 Conn. 612, 376 A.2d 69. We have frequently reiterated the principle that "trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant." *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627. The record indicates that the parties were heard by the court for two days in February, 1975, and that on April 22, 1975, prior to the court's decision, the parties were again heard specifically so that the court might obtain further information on the proper order regarding the children. The ultimate issue is whether the court could reasonably conclude as it did, and whether the findings established a reasonable basis for its conclusion that it was in the best interests of the three natural children to be in their father's custody. See *Grinold* v. *Grinold,* 172 Conn. 192, 374 A.2d 172; *Aguire* v. *Aguire,* 171 Conn. 312, 314, 370 A.2d 948; *Hutensky* v. *Avon,* 163 Conn. 433, 437, 311 A.2d 92. On the record before us, the court's conclusion cannot be disturbed.

There is no error.