JOHN E. RODEARMEL *v.* KAREN L. RODEARMEL

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, JS.

Argued June 15—decision released July 12, 1977

*Carolyn P. Kelly,* for the appellant (defendant).

*Thomas B. Wilson,* for the appellee (plaintiff).

PER CURIAM. This appeal was brought by the defendant from a judgment of the Superior Court in New London County entered by direction of a

state referee sitting as the court. The judgment granted a dissolution of the marriage of the parties as sought by the plaintiff's complaint, awarded custody of the minor child of the parties to the defendant with visitation rights in the plaintiff and with an allowance of $65 per week for the child's support, awarded alimony of $1 per year to be paid by the plaintiff to the defendant, and vested in the plaintiff such right, title and interest as the defendant had in premises in Stonington which were owned jointly by the parties and had been occupied as their home. The conveyance was with the proviso that the plaintiff hold the defendant harmless from any payments on the existing mortgage of approximately $27,000.

On the appeal, the defendant briefed six claims of error. Four of these are addressed to discretionary rulings of the court—in granting the plaintiff permission to amend his complaint to add a new claim for relief, in assigning the defendant's interest in the marital residence to the plaintiff, in not awarding a greater amount of alimony and in not awarding to the defendant additional counsel fees. We find no error in any of these rulings as to each of which the trial court has broad discretion. General Statutes § 46-51; *Spicer* v. *Spicer,* 173 Conn. 161, 164, 377 A.2d 259; *Aguire* v. *Aguire,* 171 Conn. 312, 370 A.2d 948; *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 362 A.2d 835; *Kilpatrick* v. *Kilpatrick,* 144 Conn. 738, 131 A.2d 645. The unattacked relevant findings of the court fully support each of those provisions of the judgment.

Another claim of error pressed by the defendant is that the court erred in finding without evidence that the marital residence had a market value at the date of trial of less than $30,500. We find no

merit to this assignment of error. In his complaint, the plaintiff alleged the value of the jointly owned real estate to be $30,000, and this allegation was admitted by the defendant in her answer. Similarly, in her cross complaint, the defendant made the same allegation of value and in turn the plaintiff admitted the allegation. Further, in his financial affidavit filed at the hearing, the plaintiff included the joint interest in the real estate valued at $30,000 subject to a mortgage of $27,000. The admission of the truth of an allegation in a pleading is a judicial admission conclusive on the pleader. *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 199, 286 A.2d 308; see Practice Book § 116.

The defendant's remaining briefed assignment of error is that the court erred in failing to include in the judgment an order that the plaintiff pay to the defendant as an allowance toward counsel fees the sum of $250 which by an interlocutory order entered shortly after the action was started the court had ordered the plaintiff to pay. The court found that the $250 had not been paid as of the time of trial and expressly concluded that "[t]he plaintiff is bound to pay the defendant the $250.00 allowance to defend." Nevertheless, the judgment of the court contained no reference to this order and at the time of argument on this appeal it appeared that the money had not been paid. It is not questioned that it was the intention of the court that the plaintiff be required to make this payment and, indeed, in his financial affidavit filed at the time of hearing the plaintiff listed as a debt his obligation for the payment of the $250 toward the defendant's counsel fees. In his brief, the plaintiff has acknowledged the existence of this obligation, stating: "The plaintiff agrees that, as found by the court, he is bound to

pay the defendant the $250.00 allowance to defend." No explanation has been offered for the failure to incorporate in the final judgment the payment of the obligation. In view of the court's explicit finding that the sum was due from the plaintiff, we can only speculate that in preparing the judgment the decisions of this court in *Tobey* v. *Tobey,* 165 Conn. 742, 745, 345 A.2d 21; and *Saunders* v. *Saunders,* 140 Conn. 140, 146, 98 A.2d 815, may have been overlooked. As those cases hold, orders of the court regarding the parties' financial duties which orders are interlocutory in nature terminate with the rendition of the final judgment.

An obviously erroneous judgment can be corrected to conform to the finding of the trial court. *Sabo* v. *Strolis,* 148 Conn. 504, 506, 172 A.2d 609.

There is error in the judgment only to the extent that it fails to include the order that the plaintiff pay to the defendant the sum of $250 as an allowance toward counsel fees as originally directed by the court's interlocutory order; the judgment is, accordingly, set aside and the case remanded with direction to include in the judgment an order that that payment be made.