HOWARD FRIEDMAN *v.* IRENE FRIEDMAN

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued January 17—decision released March 18, 1980

*Gerald A. Roisman,* with whom, on the brief, was *William J. Shea,* for the appellant (plaintiff).

*David L. Grogins,* for the appellee (defendant).

PER CURIAM. The marriage of the plaintiff husband and the defendant wife was dissolved in 1974. By agreement of the parties, custody of the two

minor children was awarded to the wife with visitation rights in the husband. By agreement, the husband was to pay $3000 yearly for the support of each child and $7500 yearly in alimony. Shortly thereafter, the defendant moved to Dayton, Ohio, with the children. At the end of the summer visitation period in 1977, which the children spent with the plaintiff, he did not return them to Ohio but enrolled them in school in Litchfield. The defendant enlisted the aid of the Connecticut state police to regain physical custody of the children on September 9, 1977. On September 16, 1977, she brought the children to Connecticut for an interview with the family relations officer. It was the officer's opinion that the daughter's best interests would be served if she remained in the custody of her mother. On September 23, 1977, the parties agreed that custody of the minor son would be awarded to the plaintiff and the plaintiff's support for him terminated, and that custody of the minor daughter would remain with the defendant.

It is evident from the record that this case has remained active by motions and cross motions since the dissolution in 1974. At a hearing on four of these motions held on April 28, 1978, the defendant did not appear. The court declined to make a ruling regarding the custody of the daughter without interviewing the child. Although ordered to appear with the daughter on May 15, 1978, neither the mother nor the daughter appeared except by counsel. Counsel for the defendant read a letter to the court from the daughter indicating that she wanted to live with her mother. At that hearing the court reduced alimony to one dollar a year to punish the defendant for her failure to appear. After the May 15, 1978 hearing, the plaintiff went to Dayton and

without the defendant's knowledge took the daughter back to Connecticut. On May 31, 1978, the court interviewed the daughter who told the court she wanted to stay with her mother in Dayton, Ohio. The finding states that the interview was conducted "with the knowledge and consent of both plaintiff's and defendant's counsel."

At a hearing held on September 18, 1978, the defendant again failed to appear or offer evidence. Nevertheless, the court rescinded its order reducing alimony to one dollar per year and ordered payment of $350 per month alimony in lieu of the $625 per month which had been ordered previous to May 15, 1978. The court also rescinded its May 15, 1978 order of dual custody of the minor daughter, awarding sole custody of the daughter to the defendant and ordering the plaintiff to continue the payment of $250 per month child support plus medical and dental care.

The plaintiff contends that the trial court erred in awarding the custody of the daughter to the defendant for two reasons which, when considered together, amount to an abuse of discretion. The plaintiff claims first, that the court interviewed the child without giving notice to plaintiff's counsel and second, that the defendant never appeared to testify.

As previously discussed, the court states in the finding that the interview was conducted with the knowledge and consent of counsel for both parties. Yet the plaintiff contends that his counsel never received notice of the interview and that this finding was made without evidence and should be stricken.

Actually, knowledge and consent of counsel for both parties is not a fact to which one would nor-

mally testify at a hearing but is information other than the testimony of witnesses which may be obtained by a court while conducting a trial or hearing. The court's finding is analogous to a finding based upon a view of premises or property. *Dadio* v. *Dadio,* 123 Conn. 88, 93, 192 A. 557 (1937). It is knowledge acquired by the court which would not ordinarily be recorded by the court reporter or appear in the court file. *State* v. *Mosca,* 90 Conn. 381, 385, 97 A. 340 (1916). Manifestly, such facts upon which the court's finding was made cannot be reviewed and must be accepted; *Albright* v. *MacDonald,* 121 Conn. 88, 91, 183 A. 389 (1936); unless it can be shown or inferred that the finding is not supported by the evidence. See *Spiro* v. *Nitkin,* 72 Conn. 202, 207, 44 A. 13 (1899); *Peck* v. *Pierce,* 63 Conn. 310, 320, 28 A. 524 (1893). In view of the record before us, the finding of the court cannot be stricken.

The defendant did not appear at any of the three hearings which preceded the court's award of custody of the daughter to the defendant. The plaintiff claims that her absence permits the inference that her testimony would have been adverse to her cause under the rule of *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960). The short answer to the plaintiff's claim is that the defendant's failure to appear evidently did yield such an adverse inference when the court at the second hearing reduced alimony to one dollar per annum solely because she had failed to appear. The ultimate concern of the court with regard to custody and visitation rights is the best interests of the child; *Spicer* v. *Spicer,* 173 Conn. 161, 162, 377 A.2d 259 (1977); *Simons* v. *Simons,* 172 Conn. 341, 342, 374 A.2d 1040 (1977); and "[i]t is settled that the

determination of the custody of a minor child rests largely in the discretion of the trial court, and its decision cannot be overridden unless it abused its discretion." *Simons* v. *Simons,* supra, 348.

The court had the benefit of a letter from the daughter stating her wishes to be with her mother and the recommendation of the family relations officer stating that in his opinion it was in the girl's best interests to stay with her mother. More importantly, the court interviewed the child and she said she wanted to remain with her mother. The award of custody to the defendant was in accordance with that wish. General Statutes § 46b-56 (b) states that the court should consider the child's wishes if she is of sufficient age and capable of forming an intelligent preference. At the time the trial court entered this order the daughter was thirteen years old. Under these circumstances, despite the defendant's failure to appear, it cannot be said that the court abused its discretion by awarding custody to the defendant.

The plaintiff claims that the court's modification of the award of alimony from one dollar per year to $350 per month was made without a showing of a substantial change in circumstances. Whether the final alimony award is viewed as an increase from one dollar per year or as a decrease from $625 per month, which had been ordered prior to the reduction to one dollar a year upon the defendant's failure to appear at previous hearings, is not controlling in this case. The finding is devoid of facts with regard to the finances of the parties, and the record and briefs do not include evidence of the parties' financial circumstances such as financial affidavits usually found in appeals of this nature.

Although the court's finding states that it considered the plaintiff's evidence presented at the May 15, 1978 hearing in determining the award of alimony, this court cannot ascertain what evidence the court considered. Under these circumstances, the award of alimony is unsupported by the finding and erroneous.

There is error in part and the case is remanded for a hearing on the issue of alimony.