TERRY CAMERON ET AL. *v.* AVONRIDGE, INC.
(2461)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued November 8, 1984—decision released January 29, 1985

*Wesley W. Horton,* with whom were *Charles M. Rice, Jr.,* and, on the brief, *J. Patrick Dwyer,* for the appellants (plaintiffs).

*Robert M. Dombroff,* with whom, on the brief, was *Leonard M. Bieringer,* for the appellee (defendant).

DALY, J. The plaintiffs instituted an action for specific performance of a contract involving the purchase of real estate in Avon. The trial court rendered judgment in favor of the defendant, and the plaintiffs have appealed.[1]

The trial court found the following facts: The plaintiffs met the defendant's president late in 1978. The defendant was developing land in Avon known as Avonridge. The plaintiffs negotiated with the defendant's president to construct a specifically designed house on one of the defendant's lots. The plaintiffs owned investment land in New Hartford which they had purchased in 1973 for $13,000. The plaintiffs offered to transfer the New Hartford property which they represented to be worth $50,000 as a credit toward the purchase price of $155,000 for the Avon home. The defendant agreed to accept it provided that it was worth $50,000. An agreement in writing was entered into on January 8, 1979.

Subsequently, a bond for deed was signed on March 8, 1979.[2] It was prepared by the plaintiffs' counsel; the defendant was not represented by counsel in the nego-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

[2] The salient features of the bond for deed are as follows: "That seller shall in good faith determine, on or before April 15, 1979, after perform-

tiations. For tax purposes, the value of the New Hartford land was reduced. It was agreed that the defendant was to perform a percolation test on the land by April 15, 1979, to determine whether the land could be subdivided into a minimum of four building lots. An automatic thirty day extension of time could be obtained for this purpose. In the event the property could not be so subdivided, the plaintiffs had the option to purchase the Avon home for an additional $25,000 for a grand total of $155,000.

Prior to April 15, 1979, the defendant's agents viewed the property and checked with New Hartford town officials concerning well and septic requirements. Borings were scheduled for April 9 and April 27, but had to be canceled due to inclement weather. On April 30, a testing was accomplished by the defendant's engineer and the town sanitarian. The engineer concluded, as did two other of the defendant's experts, that four building lots could not be obtained from said land. The defendant immediately notified the plaintiffs and extended to them the option to purchase on a cash basis. While the plaintiffs' experts held a contrary view, the trial court found that the land was not capable of being divided into a minimum of four building lots. No bad faith was exhibited by the defendant, and a failure of condition was found.

The trial court found time not to be of the essence. It also found no mutual or good consideration where the bond for deed provided for a tax benefit to the plaintiffs toward the $155,000 purchase price when the land was worth less than $50,000.

On appeal, the plaintiffs claim (1) that the court erred in holding that the bond for deed was not grounded upon good and mutual consideration and that the agree-

ing percolation test . . . that said property can be subdivided into a minimum of four building lots."

ment required confirmation that the New Hartford property was worth $50,000, (2) that the court erred in finding that the defendant did not breach the contract between the parties, and (3) that they were denied a fair trial because the court wrote a twenty-two page memorandum of decision which adopted, almost verbatim, the defendant's trial brief.

We shall first consider the issue concerning the breach of contract between the parties. "As a general rule, when the new contract is in regard to the same matter and has the same scope as the earlier contract and the terms of the two are inconsistent either in whole or in a substantial part, so that they cannot subsist together, the new contract abrogates the earlier one *in toto* and takes its place, even though there is no express agreement that the new contract shall have that effect." *Riverside Coal Co.* v. *American Coal Co.*, 107 Conn. 40, 47, 139 A. 276 (1927). Hence, we consider the bond for deed as the final repository of the parties' wishes. We note, at the outset, that the bond for deed was prepared by the plaintiffs. "When there is ambiguity, we must construe contractual terms against the drafter." *Hartford Electric Applicators of Thermalux, Inc.* v. *Alden,* 169 Conn. 177, 182, 363 A.2d 135 (1975).

The plaintiffs contend that the parties entered into a valid contract, and claim that upon the facts of the case they are entitled to a judgment for specific performance. Even though the contract may be valid, it does not follow that the plaintiffs are automatically entitled to a decree of specific performance. *Sidor* v. *Kravec,* 135 Conn. 571, 573, 66 A.2d 812 (1949).

There was conflicting testimony by experts concerning whether the single percolation test which was performed on April 30, 1979, was sufficient to determine soil conditions throughout the entire parcel. The

experts further disagreed as to the number of building lots which could be culled out.

In the face of a conflict in the opinions of experts, the court's duty is to accept that testimony which appears to be more credible. Holden & Daly, Connecticut Evidence (1966) § 118 (c), p. 553. The trial court chose to accept the opinions of the defendant's experts that a minimum of four building lots could not be forthcoming from the New Hartford parcel.

The delay in testing until April 30 was not deemed to be harmful in view of the prior attempts which were canceled due to adverse weather conditions. Furthermore, the defendant could have obtained an automatic thirty day extension had it requested the same. "The rule that time is ordinarily not of the essence in transactions involving real property applies to the occurrence of a contractual condition as well as to the performance of a contractual duty." *Kakalik* v. *Bernardo,* 184 Conn. 386, 393, 439 A.2d 1016 (1981).

Since there was a failure of condition in that four building lots could not be realized under the terms of the bond for deed, the defendant properly offered the plaintiffs their option to purchase the Avon premises for cash. The plaintiffs were unable to do so, but still refused the defendant's proffer of the return of their deposit. Under these circumstances, and in the absence of any evidence to support a finding that the plaintiffs were ready, willing and able to perform pursuant to the agreement, the court concluded that the plaintiffs were not entitled to judgment. *Eastern Consolidators, Inc.* v. *W. L. McAviney Properties, Inc.,* 159 Conn. 510, 511, 271 A.2d 59 (1970). We find no error in the conclusion of the court that the defendant did not breach the contract.

This conclusion is also dispositive of the first issue.

The plaintiffs, relying on *United States* v. *Forness,* 125 F.2d 928 (2d Cir.), cert. denied sub nom. *Salamanca* v. *United States,* 316 U.S. 694, 62 S. Ct. 1293, 86 L. Ed. 2d 1264 (1942), claim that the trial court erred in adopting the language in the defendant's brief as its memorandum of decision. *United States* v. *Forness,* supra, 942, states that "a comparison of the findings with the opinion seems to show that the findings proposed by the defendants were mechanically adopted, with the consequence that some of the findings made by the district court are not supported by the evidence and not substantially in accord with the opinion." The case does not condemn the use of language in a brief of one of the parties but points out the hazards that may result. Here, the trial court specifically acknowledged in its memorandum of decision that it relied heavily on the defendant's trial brief because the facts and legal theories advanced therein were consistent with the court's views, and it did not believe that it could improve on the defendant's language. Although we do not approve of this practice, we cannot find that it resulted in less than a fair trial. Nor was there any manifest abuse of discretion or injustice. See *Long* v. *Schull,* 184 Conn. 252, 257–58, 439 A.2d 975 (1981).

There is no error.

In this opinion the other judges concurred.