GRETCHEN MacCALMONT *v.* ROBERT MacCALMONT
(2932)

HULL, BORDEN and DALY, Js.

Argued December 12, 1985—decision released January 28, 1986

*J. Patrick Dwyer,* with whom, on the brief, was *Timothy J. Fitzgerald,* for the appellant (defendant).

*Robert M. Elliott,* for the appellee (plaintiff).

PER CURIAM. In this appeal from the judgment dissolving the marriage of the parties, the defendant challenges the court's division of assets, orders for support for two minor children, award of counsel fees to the plaintiff, and the fairness of the trial. "The trial court has broad discretion in domestic relations cases, and our review of the exercise of such discretion is limited to whether the trial court correctly applied the law and could reasonably have concluded as it did. *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984). A review of the record makes it clear that the division of assets [and other orders were] . . . neither arbitrary nor an abuse of discretion. *Anderson* v. *Anderson,* 191 Conn. 46, 57, 463 A.2d 578 (1983); *Solla* v. *Solla,* 3 Conn. App. 415, 416, 489 A.2d 395 (1985)." *Gincavage* v. *Gincavage,* 4 Conn. App. 519, 495 A.2d 723 (1985).

The defendant makes an additional claim, namely, that he was deprived of a fair trial as a result of the court's supposedly verbatim adoption of the plaintiff's memorandum of request for orders. We disagree. The

court did not adopt the plaintiff's proposal verbatim. It made several changes from the requested orders in issuing its orders. Furthermore, "[t]he ultimate test as to the adequacy of findings is whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for the decision and whether they are supported by evidence." *Grayson* v. *Grayson,* 4 Conn. App. 275, 285, 494 A.2d 576 (1985); see also *Cameron* v. *Avonridge,* 3 Conn. App. 230, 235, 486 A.2d 661 (1985).

There is no error.