[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on plaintiff's motion for summary judgment as to defendants' liability, defendants' fourth and fifth special defenses and all of the remaining counts of defendants' counterclaim.
In a previous memorandum of decision, the court, Flanagan, J. presiding, the first, second, third and sixth special defenses and the fourth and fifth counts of defendants' counterclaim were struck.
This Court now addresses the remaining special defenses and counterclaim counts.
The first count alleges violation of the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes Section 42-110b. The second count and fourth special defense allege that plaintiff's actions constituted a breach of implied covenant of good faith and fair dealing. Finally, the third and fifth special defenses allege a breach of duty to act in good faith pursuant to Connecticut General Statutes Section 42a-1-203.
A party is entitled to summary judgment if he would be entitled to a directed verdict on the same facts. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380
(1969). "The presence. . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. A party must substantiate his adverse claim by specifically showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Farrell v. Farrell, 182 Conn. 34, 39 (1980).
Summary Judgment on Special Defenses CT Page 5547
Summary judgment is available on complaints, counterclaims and cross-complaints. Connecticut Practice Book Section 379 (rev'd to 1978, as updated to October 1, 1990). See also Esposito v. Wethered, 4 Conn. App. 641, 644 (1985). There is no provision under Connecticut practice for a "judgment" to be entered on a special defense. H.R. Hillery Co. v. Crystal Mall Associates, 2 CSCR 324 (February 11, 1987, Koletsky, J.). But see People's Bank v. BMI Industries,3 CSCR 450 (April 26, 1988, Hennessey, J.) (motion for summary judgment granted without discussion of whether special defenses are properly amenable to such a motion).
Since there is no provision for the granting of summary judgment as to special defenses, the motion as it pertains to the fourth and fifth special defenses is hereby denied.
Defendant, in its memorandum, refers to four new acts of bad faith by plaintiff. These new acts, however, were never alleged in its counterclaim. Since these are new matters never before referred to in the counterclaim, the Court will not now consider them.
"(T)he right of a (party) to recover is limited to the allegations of his complaint." Lamb v. Burns, 202 Conn. 158,172 (1987). "A judgment upon an issue not pleaded would not merely be erroneous, but it would be void." Tehrani v. Century Medical Center, 7 Conn. App. 301, 308 (1986).
As to plaintiff's complaint, the allegations are that the defendants each guaranteed in writing the prompt payment of the indebtedness for the primary obligor. This is admitted by defendants in their pleadings. "The admission of the truth of an allegation in a pleading is a judicial admission on the pleader." Rodearmel v. Rodearmel, 173 Conn. 273,275 (1977).
In its complaint, the plaintiff alleges that the original obligor is in default. The defendants admit this in their answer and have failed to file with this Court any documents which would dispute this allegation. The Court finds that although the complaint on its face, and the lack of any evidence presented by defendant, appears to prove liability, nonetheless the Court must consider the fourth and fifth special defenses which allege bad faith. This raises a question of fact in the Court's mind. Accordingly, the motion for summary judgment as to liability of defendant on the complaint is hereby denied.
The Court now addresses the question of summary CT Page 5548 judgment as to defendants' counterclaim. "Any party may move for summary judgment on any counterclaim as if it was an independent action." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376 (1969). All parties agree that the standard of good faith set out in Connecticut General Statutes Section 42a-1-203 and the common law implied covenant of good faith apply to the loan agreements.
Good faith is a subjective standard and, therefore, a question of fact. See Phillips v. Thomas, 3 Conn. App. 471,474-75 (1985). The motion for judgment as to the second count (breach of implied covenant of good faith) and the third count (breach of good faith per Section 42a-1-203) of defendants' counterclaim is hereby denied.
Finally, the CUTPA allegation as to the first count is the last issue for the Court to consider.
Under CUTPA, "(n)o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Connecticut General Statutes Section 42-110b(a). The test for determining whether a test is unfair is
 (1)(W)hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (competitors or other businessmen).
A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215
(1990) (citations omitted). Whether a business practice is "unfair" is a question of fact. Plaintiff's motion for summary judgment as to the first count of defendants' counterclaim is denied since a material question of fact, whether plaintiff engaged in "unfair or deceptive acts or practices," still remains.
In its reply memorandum of law, the plaintiff asks for sanctions. The Court has reviewed the extensive pleadings in this file. After careful consideration of all the facts and applying the standards enumerated in Fattibene v. Kealey,18 Conn. App. 344 (1989), the Court finds that the defendants CT Page 5549 have not engaged in a course of dilatory, bad faith and harassing conduct. The request for sanctions is denied.
Mihalakos, J.