[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This matter was assigned to the undersigned for trial on April 24, 1991. On that date the parties appeared with counsel as well as the counsel for the minor children. After conferring, the parties reported to the court that they had reached an agreement on substantially all of the matters relative to dissolution of the marriage including alimony, support of the minor children and residence of the children. The parties reported, however, that they were unable to agree on the "label" of the custody arrangement, that is, whether it should be joint custody or sole custody, nor were they able to agree on the orders of visitation. Thereafter, sufficient evidence was taken to support a finding of dissolution, and the court accepted the agreement that the parties read into the record. The court then agreed to a continuance to June 7th so that evidence could be taken in connection with the custody arrangement and visitation. It should be noted that at the time of the initial hearing, the minor children were residing, and still are residing, in the state of Kansas with the plaintiff mother. CT Page 6891
Hearings were held on June 7th, June 28th, July 16th, and July 17th.
The testimony indicates that the parties have deep-seated animosity toward each other. The parties have not spoken to each other since March of this year and it seems unlikely that they would be able to communicate at any level with respect to their children. Based on the evidence that the court heard, it is clear that these parties could not, unfortunately, put aside their own personal feelings toward each other to intelligently make joint decisions concerning the welfare of their children. The children are residing with the plaintiff mother, and since all of the evidence indicates that the children are being well cared for, and that they are happy and well, and also considering the recommendation of their attorney, the court finds that it would be in their best interest that sole custody be given to the plaintiff mother. Friedman v. Friedman, 180 Conn. 132,135.
With regards to the orders of visitation, the court is very concerned about the threats the defendant has made to the plaintiff that he will take the children from her. These threats are not to be ignored in light of the testimony of the defendant's first wife, Mrs. Morosco, who testified that on several occasions she was forced to seek proceedings by way of habeas corpus in the state of New York, where she resided, in order to secure the return of the children of that marriage when the defendant allegedly failed to return them. In addition, the court questions the sincerity of the defendant in his testimony that he is a responsible and caring parent. The evidence was clear that since March of this year, when the children moved to Kansas, that the defendant did not in any way attempt to call or contact them, but for a telephone conversation that occurred on the weekend prior to the final hearings on July 16th and 17th. In addition, the court takes particular note of the failure of the defendant to make any support payments from the date of the first hearing before the undersigned on April 24, 1991, when he agreed to pay support and then proceeded not to make one single payment to the date of the next hearing on June 7th. The court finds that the defendant's failure to make any support payments is in and of itself a sign of irresponsibility as well as his apparent disregard for the orders of this court. CT Page 6892
The court must pay particular attention to the recommendation of the attorney appointed for the minor children. Attorney Bette L. Paul, who has conferred with the children and the parties, has recommended to the court that only supervised visitation be granted in Kansas. The court concurs with Attorney Paul's recommendation and orders: that the defendant shall have the right to visit the minor children at reasonable times at the premises where the children reside with their mother in the state of Kansas; that the defendant shall notify the plaintiff of his intent to exercise his visitation privileges by giving to her two weeks prior written notice, and the plaintiff shall permit the defendant to visit with the children on premises in the state of Kansas.
In addition, if the defendant makes regular and weekly support payments for the benefit of the minor children, which the court feels will evidence his sincere concern for the welfare of his minor children and respect for the orders of this court, then the court will permit the defendant to have one week's visitation with the minor children in Connecticut in the summer of 1992, (July or August) and each year thereafter subject to the following conditions: 1. that he make regular and weekly support payments; 2. that he notify the plaintiff, in writing, at least sixty (60) days prior to the date of the requested summer vacation; 3. that he pay for and forward to the plaintiff in advance, round trip airline tickets for the plaintiff and the two minor children from Kansas to Connecticut; 4. that the plaintiff shall have, each day during the one week's visitation with the defendant, telephone access to the children and shall be informed as to their location in Connecticut at all times; 5. that the defendant shall not, during the one week's vacation, remove the children from the state of Connecticut.
The court orders that the plaintiff mother shall have sole custody of the minor children with rights of reasonable visitation in the defendant father, which shall be exercised on premises in the state of Kansas and in addition shall be entitled to one week's visitation in the state of Connecticut in accordance with the conditions above stated.
Joseph H. Pellegrino, J.