[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION IN LIMINE (#133) AND OBJECTION THERETO (#134)
Plaintiff was injured in an automobile accident and filed an uninsured motorist claim against defendant, Automobile Insurance Company of Hartford, Connecticut, dated November 25, 1991. In the original complaint and two revised complaints, the plaintiff alleged that she experienced injury to her lumbar spine. In February 1994, the plaintiff sought and received permission to amend her complaint. The amended complaint excluded any claim for injury to the lumbar spine. The plaintiff filed a motion in limine on February 22, 1994. The defendant filed an objection on February 25, 1994.
In her motion the plaintiff seeks to prevent the defendant from offering into evidence testimony or reports regarding the plaintiff's prior or subsequent back injuries. The plaintiff argues that the prior and subsequent falls in which she hurt her lumbar spine are not relevant to this action in which she no longer claims lumbar spine injuries. In opposition the defendant argues that withdrawn pleadings are admissible against the pleader; the plaintiff's allegations of lumbar injury are admissions by the plaintiff; and that testimony and documentary evidence related to those allegations are also admissible.
"The motion in limine is not formally recognized by our statutes or rules of practice, and has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial." Richmond v. Long, 27 Conn. App. 30,36, 604 A.2d 374 (1992).
The defendant is correct in noting that superseded pleadings are available to the adverse party as an admission. Schenck v. Pelkey, 176 Conn. 245, 248, 405 A.2d 665 (1978); Nichols v. Nichols, 126 Conn. 614, 620, 13 A.2d 591 (1940). In addition, admissions in pleadings may be used to impeach a witness' credibility. Raffle v. Stamford Housewrecking, Inc.,168 Conn. 299, 302, 362 A.2d 879 (1975). At oral argument plaintiff's counsel conceded that the defendant could introduce the pleading. CT Page 2870
The defendant argues, without citing support for the proposition, that testimony and documentary evidence related to the allegations in the abandoned pleading are also admissible under the rule allowing use of abandoned pleadings. It is noted that the courts utilizing the rule have not so held. See Nichols, supra; Schenck, supra. It is clear that, at a minimum, such evidence must meet the requirement of relevancy to be admissible. State v. Joly, 219 Conn. 234, 252, 593 A.2d 96 (1991). It is found that, since the plaintiff no longer seeks damages for the lumbar injury, testimony and documentary evidence about those injuries is not admissible unless the defendant shows the evidence is relevant for some purpose. It is noted that in its brief and at oral argument the defendant failed to offer any argument supporting the introduction of evidence concerning the other accidents except for pointing out that the accidents relate to the abandoned pleading and therefore has not shown such evidence's relevancy. If at the time of trial there should be presented evidence that would allow such evidence to be submitted, this ruling should not be considered a bar to such presentation.
The defendant's objection (motion #134) is overruled.
WILLIAM J. McGRATH, JUDGE