[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The original plaintiff, People's Bank, commenced this foreclosure action against the defendant, Barbara Madden, on March 5, 1994. Also named as defendants are Gregory Madden and Southern Connecticut Financial Services, Inc. On February 8, 1994, Berkeley Federal Bank Trust (hereinafter, "the plaintiff") was substituted as the party plaintiff.
On April 12, 1994, Barbara Madden (hereinafter, "the defendant"), pro se, filed an answer in which she admitted the allegations in the plaintiff's complaint. On April 15, 1994, a default entered against Gregory Madden for failure to appear. On November 4, 1994, an attorney filed an appearance on behalf of the defendant. On February 17, 1995, the defendant filed a disclosure of defenses.
On April 26, 1995, the plaintiff filed a motion for summary judgment (#112) seeking a judgment of strict foreclosure on the ground that the defendant, in her answer, admitted all of the allegations of the complaint, and therefore, there are no genuine issues of material fact. On April 27, 1995, the defendant withdrew the answer that was filed on April 14, 1994. On April 28, 1995, the defendant filed a "new" answer, along with five special defenses, a four count counterclaim and a setoff. The court notes that the "new" answer was not accompanied by a request to amend, and does not otherwise constitute an amendment as of right. The court also notes that the plaintiff never objected to the filing of CT Page 8442 the "new" answer. At short calendar, the defendant represented to the court that on June 30, 1995, she filed an objection to the motion for summary judgment, along with a memorandum of law and an affidavit. (The defendant's objection is not part of the file, nor were copies of the memorandum and affidavit submitted to the court.)
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . ." Miller v. United Technologies Corp., 233 Conn. 732,744-45, ___ A.2d ___ (1995).
The present motion must be analyzed in light of the murky procedural history of this case. Initially, it must be noted that the defendant withdrew the initial answer, upon which the plaintiff relies in moving for summary judgment, and filed a "new" answer on April 28, 1995. Practice Book § 176 provides in pertinent part that "a party may amend his pleadings . . . at any time . . . (a) by order of court; or (b) by written consent of the adverse party; or (c) by filing a request for leave to file such amendment, with the amendment appended, after service upon each party as provided by Sec. 120 . . . . If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party." While the defendant never sought leave of court before filing the "new" answer (a practice not to be condoned), the plaintiff never objected to the defendant's filing of the new answer. Thus, the court will treat the "new" answer (and the special defenses, counterclaims and setoff contained therein) as the operative pleading.
In light of the "new" answer being the operative pleading, an admission in a previous pleading is nevertheless conclusive on the pleader. Rodearmel v. Rodearmel, 173 Conn. 273, 275, 377 A.2d 260
(1977). "Statements in withdrawn or superseded pleadings . . . may be considered as evidential admissions by the party making them, just as would any extrajudicial statements of the same import."Dreier v. Upjohn Co., 196 Conn. 242, 245-46, 492 A.2d 164 (1985). Admissions in the answer can be taken advantage of even if evidence is admitted and controverted on the issue. Guiel v. Barnes,100 Conn. 737, 741, 125 A. 91 (1924). CT Page 8443
Even if the plaintiff, in moving for summary judgment, seeks to rely on the admissions contained in the original answer, the conflicting denials in the "new" answer, along with the issues raised in the special defenses, counterclaims and setoff all create genuine issues of material fact which make summary judgment inappropriate in the present case.
Furthermore, the court notes that the plaintiff's motion is unsupported by documentary evidence and affidavits. The plaintiff merely offers to "submit affidavits and documentary evidence supporting all of the allegations of the complaint at the hearing for judgment of strict foreclosure." Such a hearing would necessarily occur in the future. Thus, the plaintiff is asking the court to grant summary judgment without first considering the pertinent evidence. This is antithetical to established summary judgment procedure, which provides that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts . . . disclosures, written admissions and the like." Practice Book § 380.
Accordingly, the plaintiff's motion for summary judgment is denied.
Dated at Bridgeport, Connecticut this 21st day of July, 1995.
RICHARD J. TOBIN, JUDGE