OLD ROCK ROAD CORPORATION *v.* COMMISSION
ON SPECIAL REVENUE ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPONZO, Js.

Argued June 14—decision released August 9, 1977

*James J. A. Daly,* with whom were *Timothy F. Monahan* and, on the brief, *Daniel E. Brennan, Robert J. Brennan, Jr.,* and *John P. Bashar,* for the appellant (plaintiff).

*Richard M. Sheridan,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (named defendant).

*Mark A. Asmar,* with whom, on the brief, was *Preston F. Harding,* for the appellee (defendant Sawmill Brook Racing Association, Inc.).

BOGDANSKI, J. On June 9, 1976, the commission on special revenue denied the plaintiff's motion to intervene in the commission's proceedings of that day which involved, among other matters, an application by the defendant Sawmill Brook Racing Association, Inc., hereinafter the association, for a license to conduct horse races in the town of Middletown. From the denial of that motion, the plaintiff appealed to the Court of Common Pleas. The commission and the defendant association filed pleas in abatement, alleging that the court lacked jurisdiction to entertain the appeal, which were sustained by the court. From the judgment rendered dismissing the appeal, the plaintiff appealed to this court and briefed the following issues: (1) a claim of error in the court's finding, and (2) a claim of error in the court's conclusion as to lack of jurisdiction.

The court found the following facts: On May 7, 1974, the commission issued a provisional license to the plaintiff to conduct horse races in the town of Wolcott conditioned on the receipt by the plaintiff of certain permits from other state agencies. At that time, the commission adopted a one-racetrack policy. On April 2, 1976, the department of environ-

mental protection denied the plaintiff's application for two of the required permits for the development of the Wolcott racetrack.

At a meeting held on June 9, 1976, the commission denied the plaintiff's motion to intervene, voted to rescind the one-racetrack policy, and granted a provisional license to the defendant association to conduct horse races in the town of Middletown, subject to the association's receipt of various permits from other state agencies. The commission voted also to grant the plaintiff a hearing in the future to show cause why its license should not be revoked for failure to obtain the necessary permits from the department of environmental protection.

On this appeal, the plaintiff seeks to correct the finding made by the court. Even if all the corrections sought were granted, the conclusion of the court as to a lack of jurisdiction could nevertheless stand, as it would still be supported by the finding. *Sullivan* v. *Bonafonte,* 172 Conn. 612, 376 A.2d 69.

Appeals to the courts from the decisions of administrative agencies exist only under statutory authority. *Nader* v. *Altermatt,* 166 Conn. 43, 53, 347 A.2d 89. Since the plaintiff does not claim that it was denied a license by the commission, the plaintiff lacks standing to appeal pursuant to the provisions of § 12-574 (b).[1] To establish a right to appeal

---

[1] "[General Statutes] Sec. 12-574. LICENSES FOR RACE MEETS, JAI ALAI AND CONCESSIONS: INDEMNIFICATION OF STATE. REGULATIONS. FINES. SUSPENSION AND REVOCATION. APPEALS. . . . (b) Any person, firm, partnership, association or corporation desiring to conduct racing, or operate a fronton or concessions allied thereto, or operate any concessions allied to an off-track betting facility, within this state shall apply to the commission for a license on forms provided by the commission. . . . The commission shall have the right to reject any applications for a license for good cause and the action

under the provisions of § 4-183,[2] the plaintiff must show that it is "aggrieved by a final decision."

In this jurisdiction the test for determining "aggrievement" to qualify for an appeal from a decision of an administrative agency is well settled. First, one must demonstrate a specific, personal and legal interest in the subject matter of the decision. Second, the party claiming aggrievement must establish that the personal and legal interest has been specially and adversely affected by the decision. *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 700, 345 A.2d 563; *Sheridan* v. *Planning Board,* 159 Conn. 1, 13, 266 A.2d 396. Similarly, under federal standards, to obtain judicial review of a decision of a federal agency a plaintiff must demonstrate an "injury in fact." *Association of Data Processing Service Organizations, Inc.* v. *Camp,* 397 U.S. 150, 152, 90 S. Ct. 827, 25 L. Ed. 2d 184; *Sierra Club* v. *Morton,* 405 U.S. 727, 738, 92 S. Ct. 1361, 31 L. Ed. 2d 636.

In oral argument the plaintiff conceded that its provisional license has not been revoked by the commission. In the present state of the proceedings, the granting of a provisional license to the association does not prevent the continuance of the plaintiff's license. The record reveals that the association's license is provisional also and will not become

of the commission both as to the license and the date or award shall be final, provided any person, firm, partnership, association or corporation aggrieved by such decision of the commission may appeal therefrom to the court of common pleas for Hartford county within thirty days of the final decision of the commission. . . ."

[2] "[General Statutes] Sec. 4-183. JUDICIAL REVIEW. WAIVER OF COSTS. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter [c. 54] . . . ."

final until the association at some future date meets all the conditions and requirements imposed by the commission.

Aggrievement is a jurisdictional matter designed to assure that only those with a real and legitimate interest have a right to appeal to the courts. Moreover, a mere grievance to one's feelings of propriety or sense of justice is not such a grievance as to give a right of appeal. *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 484, 338 A.2d 497; *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67, 69, 26 A.2d 234.

To conclude, the plaintiff's own appeal is pending in the Court of Common Pleas from the denial of permits by the department of environmental protection. Until that appeal becomes final, one can only speculate as to the ultimate outcome. After the final adjudication of that appeal, the plaintiff will still have the opportunity of being heard by the commission on the matter of revocation and can make its arguments at that time and then proceed according to law. We conclude, therefore, that the plaintiff has wholly failed to demonstrate that it is "aggrieved by a final decision." General Statutes § 4-183.

There is no error.

In this opinion the other judges concurred.