[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Edward Ericson, a reporter for the Fairfield County Advocate, made a request of the Bridgeport Police Superintendent and Bridgeport Police Department for a list of all residents in the City of Bridgeport with a city permit to carry a pistol.
Upon failing to comply with this request Edward Ericson et al appealed to The Freedom of Information Commission. At a hearing held before Commissioner Joan Fitch it was ordered that the City disclose the requested information. The information that was ordered disclosed was the name, address, date of birth, occupation, the date that the permit was issued, and the sex of the applicant. All of this information was contained in the City or Town Permit to Carry Pistols and Revolvers. On April 27, 1988 the Commission adopted Commissioner Fitch's proposed finding.
From this decision the Plaintiffs/Respondents have appealed to this Court. In order for the Court to have jurisdiction of this appeal, the party appealing must be aggrieved. To qualify for an appeal from a decision of an administrative agency, one must demonstrate a specific, personal and legal interest in the subject CT Page 3612 matter of the decision, and the party claiming aggrievement must establish that the personal and legal interest has been specially and adversely affected by the decision. Old Rock Road Corporation v. Commission on Special Revenue, 173 Conn. 384 (1977), New Haven v. Public. Utilities Commission, 165 Conn. 687 (1974), Town of Glastonbury v. Freedom of Information Commission, 39 Conn. Sup. 257
(1984). The record establishes that the plaintiffs are aggrieved parties and are entitled to maintain this appeal.
The Freedom of Information Act basically states that the public has the right to gain access to all records maintained or kept on file by any public agency except as set forth in 1-19(b) of the Connecticut General Statutes, and more specifically, "(2) personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy."
In this case there is no doubt but that Bridgeport Police Department, and Bridgeport Police Superintendent records are records which are kept on file or maintained by a public agency and should be disclosed provided they do not fall into the exception category as set forth above.
Obviously the information ordered disclosed by the F.O.I. commission in this case is not "personnel or medical files."
The question is whether or not the disclosure ordered falls within the exception, "and similar files the disclosure of which would constitute an invasion of personal privacy."
The plaintiffs take the position that the information sought to be disclosed does fall into the category of similar files and to disclose same would constitute an invasion of personal privacy.
The defendants on the other hand found that the requested permits constitute public records under 1-18a(d) and 1-19(a) of the Connecticut General Statutes and must be disclosed under1-15 and 1-19(a) of the Connecticut General Statutes unless otherwise exempt. The defendants also found that the requested information was not a similar file under 1-19(b)(2) of the Connecticut General Statutes, or that the disclosure of the requested information would constitute an invasion of privacy within the meaning of 1-19(b)(2) of the Connecticut General Statutes.
Other facts that were made known to this Court are that Mr. Ericson and the Advocate had made similar requests for permit disclosure to the police in the Towns of Fairfield, Westport, Norwalk, and the Connecticut State Police. The police in Fairfield, Westport, and Norwalk promptly complied with said request. The State police also complied with this request by CT Page 3613 supplying them with the names and addresses of people living in the aforementioned Towns including Bridgeport, who had applied for
state issued permits to carry weapons. Apparently state residents must first apply for a municipal gun permit before applying for a state permit. It would thus appear that a great portion of the information sought to be excluded from disclosure by the plaintiffs has already been disclosed and is further available for disclosure by the State police.
The function of a trial court is to look only to the materials before the agency and "to determine from the record whether the facts found by the commission are supported by the record, whether they furnish justifiable reasons for the action . . . and whether it has acted illegally or has exceeded or abused its powers." Wilson Point Property Owners Assn. v. Connecticut Light Power Co., 145 Conn. 243 (1958). The trial court is not to substitute its own judgment or discretion for that of the agency. Gulf Oil Corporation v. Board of Selectmen of the Town of Brookfield,144 Conn. 61 (1956). Thus, the reviewing court should not retry the case and should uphold the agency's decision if reasonably supported by the evidence that was heard. Madow v. Muzio, 176 Conn. 374
(1978).
The plaintiff, as the party bringing the appeal, has the burden of proof in challenging the FOIC's decision. Lovejoy v. Water Resources Commission, 165 Conn. 224 (1973). It is the agency that bears the burden of proving the applicability of an exemption, and therefore, the nature of the documents in question. Church of Scientology of California v. United States Department of the Army,611 F.2d 738 (1979).
Attorney Barton, representing the plaintiffs, on page 7 of the record stated, "that the information being requested is of a personal nature and one could look at the application for the permit which is a clear invasion of a person's right of privacy — you've got marital history, medical history, employment history, educational history since the age of 12. A person has a right to privacy and the disclosure of that information would be a clear violation of that right to privacy." On page 12 of the record Atty. Barton further testified, "that application is replete with information which is private and personal in nature, which has nothing to do with the public need to know. It deals with a person's medical history, employment history, education history since the age of 12 — that information should not be subject to disclosure. Then we go to the permit itself and that has information on there which we feel should not be subject to disclosure. If one looks to the bottom left hand corner of the permit it says FBI reply date, check correct box FBI no record, FBI does have a record . . . Then what you have, if we submit this CT Page 3614 whole permit without any blocking out, you can have something which could occur which is totally against what our public policy is. So we have problem with that."
Plaintiffs Exhibit A, a letter from Edward D. Ericson to Police Superintendent Joseph Walsh dated 10/7/87 requests a list of all people who live in Bridgeport with City permits to carry a pistol. The list should include the name, birthday, address, occupation, date permit was issued, sex of applicant, and weapon requested and phone number if possible. This request was later revised to include the following: a. Name
b. Address
c. Date of birth
d. Occupation
e. The date that the permit was issued
f. Sex of the applicant
This request is a far cry from that suggested by Atty. Barton, namely, marital history, medical history, employment history, etc., as set forth above.
For the plaintiffs to prevail it must be shown that this is a "similar file" within the confines of 1-19(b)(2) of the Connecticut General Statutes.
We interpret the term "similar files" to encompass only files similar in nature to personnel or medical files. This interpretation is consistent with our policy of narrowly construing exceptions to the Freedom of Information Act. Board of Police Commissioners v. Freedom of Information Commission, 192 Conn. 183
(1984). We also recognize that when a reference to a general category follows an enumeration of specific categories, the general category is construed to embrace only objects similar to those included in the specific categories. Anderson v. Ludgin, 175 Conn. 545
(1978).
If the Court had concluded that this was a "similar file," it would still not be satisfied that the plaintiffs have sustained the burden of proving to the Commission's satisfaction that aspect of the statute which provides "the disclosure of which would constitute an invasion of personal privacy."
As alluded to above, a different resolution might have been reached if the Advocate and Ericson were seeking to discover much of the material set forth in the "Application For Permit to Carry CT Page 3615 Pistols and Revolvers" and the permit itself, such as medical history, employment history, criminal record, and the likes. Disclosure of that information would clearly be an invasion of one's right to privacy.
Much of the information which the plaintiffs refused to disclose has already been disclosed by the State Police in view of the fact that a great many if not all city pistol permit holders will file with the Connecticut State Police and those records are available.
The Advocate and Ericson were interested in doing a story on who had pistol permits in the City of Bridgeport in an effort to further determine if said permits were issued to legally qualified persons. Their argument being, if we can't find out who has pistol permits than how can we find out if they were legally obtained. It would seem that the public's right to know who have pistol permits and that they were legally obtained would be a valid reason for seeking disclosure of same from the plaintiffs. It would also seem that because much of the information sought is already a matter of public record, that there is no privacy right infringed upon.
The Court finds that the Defendant Commission could have found and did find the following:
The requested information regarding pistol permits did constitute public records under 1-18a(d) and 1-19(a) of the Connecticut General Statutes and must be disclosed under 1-15 and1-19(a) of the Connecticut General Statutes unless otherwise exempt as a "similar file."
That the respondents failed to prove that the requested records are "similar" files, or that the disclosure of the requested information would constitute an invasion of privacy within the meaning of 1-19(b)(2) of the Connecticut General Statutes.
And that the information requested is not exempt from disclosure under 1-19(b)(2) of the Connecticut General Statutes.
The plaintiffs' appeal is therefor dismissed.
Robert C. Flanagan, Judge