[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Lee Nelson is a recipient of medical assistance, commonly called Medicaid, pursuant to Conn. Gen. Stat. 17-134a et seq. He appeals from the defendant Commissioner's decision to deny his request that the Medicaid program purchase a motorized wheelchair for him. The denial is based on 189 E. III. of the defendant's Medical Service Policy, which declares that electric wheelchairs are not medically necessary for patients such as the plaintiff who reside in a nursing home. The plaintiff contends that 189 E. III. conflicts with state statute and violates various constitutional requirements or protections.
The plaintiff is a 34 year old man who suffers from multiple medical problems. He is quadriparetic as a result of having Von Hippel Syndrome and he is only able to move his right hand slightly. He has resided at Winthrop Health Care Center, a skilled nursing facility ("SNF"), since October, 1989, when he was discharged from Gaylord Hospital. Mr. Nelson's physician has prescribed a customized, motorized wheelchair for him.
On February 26, 1990, the defendant received a request for the purchase of the motorized wheelchair for the plaintiff. On March 1, 1990, three days later, the request was denied. In reviewing the request, the defendant did not determine whether the motorized wheelchair was medically necessary or clinically justified. The request was summarily denied because Mr. Nelson resides in a nursing home. Pursuant to 189 E. III. of the defendant's Medical Services Policy "electric wheelchairs are not considered to be medically necessary for patients in an SNF or RCF, and therefore are not covered." (emphasis in original). Although the defendant will provide the plaintiff with a customized wheelchair, that is, a wheelchair specifically manufactured to meet his physical needs, the defendant's policy CT Page 3578 bars the provision of motorized wheelchairs for patients in a skilled nursing facility. The Commission's rationale is that employees of the nursing facility are available to move patients as needed and motorized wheelchairs are therefore unnecessary for nursing home patients.
After the plaintiff's request for a motorized wheelchair was denied, he requested a fair hearing on the denial. At the hearing several medical professionals testified to the plaintiff's medical need for a motorized wheelchair. Their undisputed testimony was that it was necessary to benefit the plaintiff's physical as well as psychiatric condition and that his health would deteriorate without a motorized wheelchair. Moreover, there was undisputed testimony that neither the nurses nor the nurses' aides at the nursing facility were able to move the plaintiff in a manual wheelchair as often as he needed to be moved.
Based on the testimony presented, the hearing officer found that a motorized wheelchair was a medical necessity for the plaintiff. Notwithstanding that finding, however, the hearing officer upheld the Department of Income Maintenance decision to deny the plaintiff a motorized wheelchair, relying on 189 E. III. The plaintiff then filed this appeal.
Conn. Gen. Stat. 4-183 provides a right of appeal from a final agency decision to any person who is aggrieved by that decision. There is no dispute here that the plaintiff is aggrieved. He sought to have the defendant purchase medically necessary equipment for him and that request was denied. The plaintiff has a specific, personal and legal interest in this matter and that interest has been specially and adversely affected by the decision being appealed. He meets the well-established test for determining aggrievement. Old Rock Road Corporation v. Commission on Special Revenue, 173 Conn. 384, 387 (1977).
The plaintiff's first claim is that 189 E. III., which prohibits the purchase of motorized wheelchairs for Medicaid recipients residing in SNFs, is in violation of Conn. Gen. Stat. 17-134b. That statute provides in pertinent part, "Medical assistance shall be provided for any otherwise eligible person. . . ." (emphasis added) Relying on our court's customary interpretation of the word "shall" and the ruling in Doe v. Maher,40 Conn. Sup. 394 (1986), the plaintiff contends that 189 E. III., which prohibits the supplying of medically necessary motorized I wheelchairs, is in violation of 17-134b. On the facts of this case, the court agrees.
Our courts have consistently interpreted the word "shall" when used in statutes as expressing the legislature's intention that the requirement be mandatory. "The use of the word `shall' CT Page 3579 in the statute connotes that the performance of the statutory requirements is mandatory rather than permissive." Thornton Real Estate, Inc. v. Lobdell, 184 Conn. 228, 230 (1981). In employing the word "shall" in Conn. Gen. Stat. 17-134b, the legislature made mandatory the obligation to provide medical assistance to those persons who are eligible for Medicaid.
The defendant argues that 17-134b deals solely with a person's eligibility for Medicaid and is not intended to confer the right to any medical assistance. This argument is belied, however, by the express wording of 17-134b. "Medical assistance shall be provided . . . ." ( emphasis added ). It must also be noted that the phrasing of 17-134b is different from other eligibility sections found in Title 17 of the statutes. For example, Conn. Gen. Stat. 17-85 reads, ". . . any relative having a dependent child or dependent children. . . shall be eligible to apply for and receive the aid authorized by this part. . . ."
The defendant further contends that 17-134b must be read together with Conn. Gen. Stat. 17-134d, which provides the defendant Commissioner with the authority to "make such regulations as are necessary to administer the medical assistance program." The defendant claims that 17-134d gives the Commissioner considerable discretion to determine what type of medical assistance will be provided to Medicaid recipients. This argument is not persuasive, however. Although 17-134d does give the defendant the authority to enact regulations to "administer" the Medicaid program in general, the statute does not expressly provide the Commissioner with the authority to determine what types of medical assistance will be provided. In addition, there is no indication in the statutes that the Commissioner's statutory discretion to enact regulations to administer the Medicaid program was intended to override the statutory requirement of 17-134b that medical assistance must be provided to eligible Medicaid recipients.
Finally even if the Commissioner's regulatory authority extended to the adoption of regulations limiting the types of medical assistance which can be provided, 189 E. III. was not supported by evidence in the record. The defendant's rationale for 189 E. III. is that the nursing home provides sufficient staff to move quadriparetic patients who are confined to non-motorized wheelchairs. The undisputed evidence in the record of this case, however, is that the nursing home did not have sufficient staff to move the plaintiff as often as he needed to be moved.
The court in Doe v. Maher, supra, reached the same result reached here. The court held that a state Medicaid regulation restricting the funding of abortions to only those necessary to save the life of the mother exceeded the Commissioner's authority CT Page 3580 as prescribed in 17-134b. The court, in a well-reasoned opinion, analyzed 17-134b in light of the express language and with regard to the requirements of Conn. Gen. Stat. 17-134a and 17-134d. The court found that 17-134b requires that medical assistance must be provided to eligible Medicaid recipients and that any regulation adopted by the Commissioner must be consistent with this statutory obligation. The court concluded,
 The commissioner may adopt only those regulations which are within his statutory authority. . . . It is clear that the legislature has made no exceptions to the medicaid program and the commissioner is not at liberty to do so. The court concludes that the commissioner's adoption of the regulation which prohibits funding for abortions except when the woman's life is threatened was not authorized under the provisions of 17-134b.
Id., 415-416
The defendant seeks to minimize any reliance this court might place on Doe v. Maher by pointing to the maxim that "hard cases make bad law." However, the legal issue in Doe was virtually identical to the issue before this court: whether the Commissioner can, consistent with state statutes, adopt regulations which deprive Medicaid recipients of medical assistance which is necessary for their health. It is undisputed that the plaintiff has a medical need for a motorized wheelchair, yet the defendant's policy prohibits providing one for him. It must also be noted that the legislature has not amended 17-134b in any pertinent respect since Doe. Although Doe is a Superior Court decision and not a Supreme Court ruling, the decision was widely publicized and analyzed.
The Commissioner urges the court to rely on Santos v. Heintz, an unpublished opinion appended to the defendant's brief, rather than Doe. In Santos, the trial court upheld the Commissioner's denial of a Medicaid recipient's request for an air conditioner. Santos, however, which was decided prior to Doe, does not undertake an analysis of whether the regulation being enforced was, in violation of 17-134b. Furthermore, the court in Santos did not make any finding as to whether the air conditioner was medically necessary. The case is readily distinguished from this one based on that critical fact alone.
The court holds that the Commissioner's decision upholding the denial of the plaintiff's request for a motorized wheelchair is in violation of Conn. Gen. Stat. 17-134b. The hearing officer found as a fact that the motorized wheelchair was a medical CT Page 3581 necessity for the plaintiff. Section 189 E. III., on which the hearing officer relied, is in conflict with Conn. Gen. Stat. 17-134b in denying the plaintiff necessary medical assistance. The appeal is sustained. (In light of the ruling that the defendant's policy violates state statute, it is not necessary to reach any of the plaintiff's constitutional claims.)
The plaintiff also seeks an award of attorney's fees pursuant to Conn. Gen. Stat. 4-184a. Such an award is discretionary with the court, but must be based on a determination that the agency undertook its action "without any substantial justification." Conn. Gen. Stat. 4-184a(b).
The court cannot find that the agency decision was without any substantial justification. The only two cases which previously decided similar issues, Doe and Santos, arrived at opposite conclusions. The plaintiff's request for an award of attorney's fees is denied.
CHRISTINE S. VERTEFEUILLE, JUDGE