[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are seeking a temporary mandatory injunction which would have this court enjoin the police commission of the City of West Haven from meeting, restrain their successor commissioners from participating in police commission matters, and restore the plaintiffs to their positions. All of this would be accomplished before the rights of the parties have been finally determined by the court.
This is not the usual application for a temporary injunction. The purpose of a temporary injunction "is to preserve the status quo until the rights of the parties can be finally determined on the merits." Olcott v. Pendleton, 128 Conn. 292, 295 (1941).
Here, under the guise of an application for temporary relief, the plaintiffs are seeking a mandatory injunction which would entail the relief sought on a permanent basis. This is not an appropriate procedure. ". . . mandatory injunctive relief is generally not appropriate at a preliminary stage of the case." Wallingford Board of Education v. State Board of Education,36 Conn. Sup. 285, 292 (1980) citations omitted.
Granting such relief is especially inappropriate in Connecticut because here the defendant cannot appeal from the granting of a temporary injunction. Olcott v. Pendleton, supra. In Boesch v. Johnson Wholesale Perfume Co., Inc., 9 Conn. Sup. 110, 111 (1941), the court noted:
 . . .if a temporary injunction is once issued there is no stay possible and the defendant may be thereby deprived of his rights without the opportunity of review by the appellate court of the questions of law involved.
Further, the plaintiffs must sustain the heavy burden of proof required for the granting of the extraordinary relief requested:
 1. They must show that protectable interests are at stake;
CT Page 1490
 2. They must establish to a reasonable certainty that they will prevail after a hearing on the merits of their request for a permanent mandatory injunction;
 3. They must establish immediate, substantial and irreparable injury and lack of an adequate remedy of law;
 4. They must establish that the harm that will be caused to them by a denial of the motion is greater than the harm that will be caused to the city by the granting of the motion.
Covenant Radio Corp. v. Ten Eighty Corp., 35 Conn. Sup. 1 (1977)
The court cannot find these elements have been satisfied.
The plaintiffs' application for a temporary mandatory injunction is denied.
Anthony DeMayo, Judge