[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Harvey L. Koizim and Ruth Koizim, seek a temporary injunction prohibiting the defendant, Adelaide C. DeLucia, who owns a property abutting theirs, from "permitting or causing the explosion of fireworks" on her property at 175 Wooster Street during the July 4 holiday celebration. The plaintiffs also seek an order requiring the defendant to erect barricades and signs on her property so as to prevent use of the property by others to detonate fireworks.
The court finds the facts to be as follows. The plaintiffs live in a brownstone townhouse on Chapel Street, in New Haven. Their back yard is bounded by the property of the defendant, which is occupied by a liquor store, a warehouse, and rented garages, with a large paved driveway area. After dark in the period around Independence Day, the defendant's premises are unoccupied, and youths use the driveway for detonation of large numbers of noisy firecrackers. The driveway adjoins a small public park known as Memorial Park that is located along DePalma Way, a short street connecting Wooster Street to Chapel Street. The only obstacle between the defendant's driveway and the public park is a row of pine trees, which extend from Chapel Street but stop about 15 feet short of Wooster Street, so that Fourth of July revellers pass freely from the park to the driveway to shoot off salutes and other explosives. The din caused by the fireworks disrupted the plaintiffs' use of their home in July 1988 and 1989, when they first occupied it. The plaintiffs left town for the holiday in 1990 and 1991 to avoid the noise, which their experience in prior years indicated would last well into the night.
In 1992, the plaintiffs were at home at the time of the celebration. Over the course of several hours, they made requests to the police to enforce the municipal ordinance CT Page 6472 prohibiting unlicensed fireworks, however they testified that no action was taken.
Photographs of the area at issue taken after the fireworks of 1992 show an extraordinary volume of spent firecrackers, of a number so great that the court finds that the activity must have been such as to make the area sound like an active war zone. Because of the extreme noise, the plaintiffs were unable even to converse during the evening, and the din caused their infant to cry for hours because of the unaccustomed and frightening explosions. Singed, spent casings found on the plaintiffs' property after each July Fourth celebration indicate that some explosive devices are fired in the direction of plaintiff's property.
The evidence established that the defendant is an elderly woman who ownes but does not occupy the premises at 175 Wooster Street, that she does not cause a manager or anyone else to be present on the property during the Independence Day celebration, and that the activity that so justifiably disturbs the plaintiffs is neither instituted, instigated, nor participated in by her. When plaintiff Harvey Koizim sent a letter asking the manager of the defendant's property to do something about the use of the property as a fireworks site, neither the manager nor the defendant took any action.
It is undisputed that the persons detonating explosives of various kinds on defendant's premises do not have a permit to do so, and use of fireworks without a permit is prohibited by New Haven ordinance 13-808 and 29-357 C.G.S.
In the face of their experience of a lack of police enforcement to protect them from the harms of which they complain, the defendants seek civil relief to make the defendant's property unavailable for use for illegal purposes by others.
The principal purpose of temporary injunctive relief is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits. Olcott v. Pendleton, 128 Conn. 292, 295 (1941). Though the plaintiffs' application for a temporary injunction was filed in January 1993, it was not claimed for a hearing until June 29, 1993. At the hearing, the court inquired whether the parties would consent to a consolidation of the trials as to temporary and permanent CT Page 6473 relief. No such consent was obtained from the defendant.
Because of the defendant's refusal to consent to consolidation, this court is limited to the legal standards applicable for temporary injunction. Where a court provided in such an injunction the full corrective relief sought by the plaintiff as permanent relief, the Appellate Court ruled in Stamford v. Kovac,29 Conn. 105, 109 (1992), that such relief was not appropriate. In that case, the plaintiff municipality sought a temporary injunction to correct the illegal filling of a pond in violation of the Inland Wetlands and Watercourse Act, 22a-36 C.G.S. et seq. The trial court issued a temporary injunction ordering the defendant to remove the fill and return the terrain to its previous condition and to replant it with shrubs and plants to prevent runoff. Finding that this order did not merely require the defendants to cease and desist from specific activity to preserve the status quo pending adjudication on the merits of the claim for permanent relief, the Appellate Court vacated the order as encompassing relief that was "final in its nature and concept and [that] consequently could be lawfully rendered only after a trial on the merits." Stamford v. Kovacs, supra, at 110. The Appellate Court noted, 29 Conn. App. 111 n. 5, that restorative measures may, however, be required "in an emergency situation to protect the public health," a circumstance not present in the case before this court. See also Mele v. High Standard Manufacturing Co., Inc., 13 Conn. Sup. 47, 50-51 (1944); Wallingford Board of Education v. State Board of Education,36 Conn. Sup. 285, 292 (1980).
The plaintiffs rightfully point out that even a cease and desist order often entails completion of some affirmative acts by a defendant, who may have to remove items or equipment in order to shut down an enjoined activity. The affirmative acts that they seek by way of temporary relief, however, are quite clearly of a different sort. Their complaint is that the defendant's property is open to trespassers at all times and that she does nothing to stop such access by trespassers who engage in illegal fireworks activity on it once a year. The plaintiffs do not seek an order to preserve the status quo, rather they seek an order requiring the defendant to engage in the same affirmative protective efforts they seek as permanent injunctive relief after a full hearing on the merits.
In view of the limitations clearly enunciated in Stamford v. Kovacs, and in view of the further principle that an injunction CT Page 6474 should not be entered where it is unlikely to achieve the desired result, Karls v. Alexandra Realty Corp., 179 Conn. 390, 403
(1980), the application for temporary injunctive relief sought is denied.
Beverly J. Hodgson Judge of the Superior Court