[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS STATEMENT OF APPEAL
The plaintiffs, Lois Doherty and Francis and Marjorie CT Page 1463 Franklin (the Franklins) appeal from a decision of the Town of Wallingford Planning and Zoning Commission (PZ), in which the PZ approved a special permit for Sprint Spectrum Limited Partnership (Sprint) to construct a communications tower in Wallingford. The defendants have moved to dismiss the appeal as to the Franklins on the ground that aggrievement has not been sufficiently alleged.
 BACKGROUND
According to the pleadings, Sprint applied to the PZ for a special permit to construct a communications tower on Wallingford on or about June 3, 1997. (Complaint, ¶ 12). Sprint also applied for a site plan approval on June 5, 1997. (Complaint, ¶ 3). The PZ conducted a public hearing on Sprint's application on August 11, 1997 and took additional testimony until September 8, 1997. (Complaint, ¶¶ 7, 8). The PZ, by a three to two vote, approved Sprint's application and site plan approval. (Complaint, ¶ 9). Lois Doherty and the Franklins filed their complaint against the PZ and Sprint on October 8, 1997, alleging that "the approval of the special permit application [and the site plan] was illegal, arbitrary and in abuse of the defendant, PZ's, discretion. . . ." (Complaint, ¶¶ 11, 12). The Franklins also allege that they "own real property which will be materially and adversely affected by the PZ decision and are aggrieved by said decision." (Complaint, ¶ 14)
Sprint moved to dismiss the complaint as to the Franklins, pursuant to General Statutes § 8-8(j), on November 10, 1998. The grounds for the motion is that this Court lacks subject matter jurisdiction "because the [Franklins] are not aggrieved" and that the Franklins plead no facts which, if proved, would constitute aggrievement."[1] The Franklins filed a memorandum in opposition to the motion on December 15, 1998.
 JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a planning and zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it was created." Bridgeport Bowl-O-Rama, Inc. v. Zoning Board ofAppeals, 195 Conn. 276, 283, 487 A.2d 559 (1985). CT Page 1464
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiffs appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). The two types of aggrievement are classical aggrievement and statutory aggrievement. Classical aggrievement consists of a two-part test. "First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest . . . Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . ." Connecticut Resources Recovery Authority v.Planning Zoning Commission, 225 Conn. 731, 739 n. 12,626 A.2d 705 (1993).
Statutory aggrievement can be established by "a person who owns land that abuts or is within a radius of 100 feet of the land involved in the board's decision. . . ." Jolly, Inc. v.Zoning Board of Appeals, supra, 237 Conn. 189-90; General Statutes § 8-8(a)(1). Sprint argues that the Franklins have not pled either classical or statutory aggrievement, and therefore, the motion to dismiss should be granted because the court lacks subject matter jurisdiction.
The Franklins have not pled classical or statutory aggrievement. Their allegations that their "property was adversely and materially affected by the PZ's decision" and that they were "aggrieved by the PZ's decision" are not sufficient to establish aggrievement. The Franklins have not pled that their property abuts or is within 100 feet of the subject property to demonstrate that they were statutorily aggrieved. They also have not pled classical aggrievement because they have not distinguished their alleged injury as a result of the PZ's decision from the injuries any other property owner in the area may have suffered. See e.g, Roth v. Woodbury Zoning Board ofAppeals, Superior Court, judicial district of Litchfield, Docket No. 073986 (February 3, 1998, Pickett, J., 21 Conn. L. Rptr. 281) (holding that plaintiffs allegations were not sufficient to demonstrate aggrievement).
The Franklins have moved for a hearing for the purpose of proving aggrievement. Of nonstatutory aggrievement had been specifically pleaded, then a hearing, either pretrial or at the time the matter is addressed on the merits, would indeed be CT Page 1465 appropriate.[2] Binding precedent holds, however, that in order for an appeal to survive a motion to dismiss, aggrievement must be pleaded with some degree of specificity. The appellant's duty is to set forth in the pleadings the manner in which they claim to be aggrieved; aggrievement must be alleged by showing a specific, personal and legal interest in the subject matter of the decision appealed from; and a mere conclusory statement of aggrievement is insufficient. Hughes v. Town Planning ZoningCommission, 156 Conn. 505, 508 (1968); Maloney v. Taplin,154 Conn. 247, 249-50 (1966); I.R. Stitch Associates, Inc. v. TownCouncil, 155 Conn. 1, 2-3 (1967); Old Rock Road Corporation v.Commission on Special Revenue, 173 Conn. 384, 388 (1977). Without a specific allegation of aggrievement, there is no subject matter jurisdiction. Old Rock Road Corp. , supra; cf. Bakelaar v. City ofWest Haven, 193 Conn. 59, 65 (1984).
Therefore, Sprint's motion to dismiss as to the Franklins is granted.
_________________ Beach, J.